KRIS A. McLEAN
Assistant U.S. Attorney
U.S. Attorney's Office
P.O. Box 8329
Missoula, MT 59807
105 East Pine St.
Missoula, MT 59802
Phone: (406)542-8851
FAX: (406)542-1476
E-mail: Kris. McLean@usdoj.gov

ATTORNEY FOR PLAINTIFF
UNITED STATES OF AMERICA

FILED
GREAT FALLS

2011 OCT 19 PM 2 59

PATRICK E. DUFFY, CLERK
BY _____
         DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

| UNITED STATES OF AMERICA,<br><br>vs.<br><br>SEVILLE COLONY, INC.<br><br>Defendant. | CR 11-84-GF-SEH<br><br>**PLEA AGREEMENT** |
|---|---|

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure,

the United States of America, by Kris A. McLean, Assistant United

1

KAM   DEF   DEF ATTY   Date    10/18/11

States Attorney for the District of Montana, and the defendant, Seville Colony, Inc., and its attorney, Michael P. Talia, have agreed upon the following:

1. **Scope:** This plea agreement is between the United States Attorney's Office for the District of Montana and defendant. It does not bind any other federal, state or local prosecuting, administrative or regulatory authority, or the United States Probation Office.

2. **Charges:** Defendant agrees to plead guilty to Count II of the Indictment which charges the crime of Misapplication of Pesticides in violation of 7 U.S.C. §1361(b)(2). This offense carries a maximum punishment of 30 days imprisonment, a $1,000 fine.

3. **Nature of the Agreement:** The parties agree that this plea agreement shall be filed and become a part of the record in this case, and will be governed by Rule 11(c)(1)(B), *Federal Rules of Criminal Procedure*. The defendant acknowledges that the agreement will be fulfilled provided the government makes the recommendations provided below. The defendant understands that even if the Court does not accept or follow the recommendations made by the United States,

2

KAM   DEF   DEF ATTY   Date

there will not be an automatic right to withdraw the plea. Rule 11(c)(3)(B), *Federal Rules of Criminal Procedure.*

4. **Admission of Guilt:** The defendant will plead guilty because defendant is in fact guilty of the charge contained in Count II of the Indictment. In pleading guilty, the defendant acknowledges that:

First, the defendant's agent was a private applicator; and

Second, the defendant's agent knowingly applied the pesticide in a manner inconsistent with its label.

Third, the defendant's agent was acting within the course and scope of his employment and/or agency on behalf of the defendant when applying the pesticide.

5. **Waiver of Rights by Plea:**

(a) The government has a right to use against the defendant, in a prosecution for perjury or false statement, any statement that the defendant gives under oath during plea colloquy.

(b) The defendant has the right to plead not guilty or to persist in a plea of not guilty.

(c) The defendant has the right to a jury trial unless the defendant, by written waiver, consents to a non-jury trial. The

3              KAM   DEF   DEF ATTY   Date   10/18/11

government must also consent and the court must approve a non-jury trial.

(d) The defendant has the right to be represented by counsel, and if necessary, have the court appoint counsel, at trial and at every other stage of these proceedings.

(e) If the trial is a jury trial, the jury would be composed of 12 laypersons selected at random. The defendant and defense attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, and that it could not convict the defendant unless, after hearing all the evidence, it was persuaded of the defendant's guilt beyond a reasonable doubt.

(f) If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he was persuaded of the defendant's guilt beyond a reasonable doubt.

4

KAM  DEF  DEF ATTY  Date

(g) At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those government witnesses and the defense attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence on the defendant's own behalf. If the witnesses for the defendant would not appear voluntarily, their appearance could be mandated through the subpoena power of the court.

(h) At a trial, there is a privilege against self-incrimination so that the defendant could decline to testify and no inference of guilt could be drawn from refusal to testify. Or the defendant could exercise the choice to testify on his or her own behalf.

(i) If convicted, and within 14 days of the entry of the Judgment and Commitment, the defendant would have the right to appeal the conviction to the Ninth Circuit Court of Appeals for review to determine if any errors were made which would entitle the defendant to reversal of the conviction.

(j) The defendant has a right to have the district court

KAM   DEF   DEF ATTY   Date

conduct the change of plea hearing required by Rule 11, *Federal Rules of Criminal Procedure*. By execution of this agreement, the defendant expressly waives that right and agrees to hold that hearing before, and allow the Rule 11 colloquy to be conducted by, the U.S. Magistrate Judge.

The defendant understands that by pleading guilty pursuant to this agreement, defendant is waiving all the rights set forth in this paragraph. The defendant's attorney has explained these rights and the consequences of waiving these rights.

6. **Recommendations:** The Defendant will pay restitution to the United States Environmental Protection Agency in an amount to be determined at the time of sentencing as a condition of a 6 month period of probation. The parties reserve the right to make any other arguments at the time of sentencing. Defendant understands that the court is not bound by this recommendation.

7. **Sentencing Guidelines:** Although advisory, the parties agree that the U.S. Sentencing Guidelines must be applied, and a calculation determined, as part of the protocol of sentencing to determine what sentence will be reasonable.

6    KAM    DEF    DEF ATTY    Date

8. **Mutual Conditional Waiver of Appeal:** The defendant acknowledges that 18 U.S.C. § 3742(a) affords him the right to appeal the sentence imposed in this case. The prosecution has a comparable right of appeal provided in 18 U.S.C. § 3742(b). By this agreement the defendant waives its right to appeal the reasonableness of the sentence, including conditions of probation or supervised release, if the defendant has no objection to the calculation of the guidelines and the sentence imposed is within or below the range provided for by that calculation. The United States waives its right to appeal the reasonableness of the sentence if it has no objection to the calculation of the guidelines and the sentence imposed is within or above the range provided for by that calculation.

The defendant also waives its right to challenge the sentence in a collateral proceeding pursuant to 28 U.S.C. § 2255. This waiver does not prohibit its right to pursue or maintain such an action arising from facts not known or reasonably capable of being known at the time of its entry of guilty plea or alleging that he received ineffective assistance of counsel.

9. **Voluntary Plea:** The defendant and defendant's attorney

7    KAM    DEF    DEF ATTY    Date

acknowledge that no threats, promises, or representations have been made to induce the defendant to plead guilty, and this agreement is freely and voluntarily endorsed by the parties.

10. **Detention/Release After Plea:** The United States will not object to Defendant's continued release after guilty plea.

11. **Breach:** If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the U.S. Attorney's Office is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

12. **Entire Agreement:** Any statements or representations made by the United States, the defendant, or its counsel prior to the full execution of this plea agreement are superseded by this plea agreement. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. **This plea agreement constitutes the entire agreement between the parties. Any term or condition which is not expressly stated as part of this plea agreement is not to be considered part of the agreement.**

8  KAM  DEF  DEF ATTY  Date

MICHAEL W. COTTER
United States Attorney

*/s/ Kris McLean*

KRIS A. McLEAN
Assistant U. S. Attorney

Seville Colony by
George S Waldner Pres, 10-18-2011

SEVILLE COLONY, INC.
Defendant

*/s/ signature/ for*

MICHAEL P. TALIA
Defense Counsel